UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EUGENE WELLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12 CV 623 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

# OPINION and ORDER

Eugene Wells, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging his 1989 conviction for attempted rape, robbery, and related offenses in Tippecanoe County. (DE #1.) In 2006, Wells filed a habeas petition challenging this same conviction. *See Wells v. Superintendent*, 1:06-CV-479 (S.D. Ind. filed Mar. 23, 2006). That petition was dismissed as untimely in June 2006. *Id.*, (DE # 11). Wells did not appeal. *Id.* He now seeks to challenge the conviction again in the present petition. (DE #1.)

This court lacks jurisdiction to hear an unauthorized second or "successive" habeas petition challenging the same conviction.[1] 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Pursuant to 28 U.S.C. § 2244(b)(1), any claim he

---

[1] For purposes of determining whether a petition is successive, courts do not "count" previous petitions that were dismissed for curable technical reasons, such as failing to pay the filing fee or filing in the wrong court. *See Altman v. Benik*, 337 F. 764, 766 (7th Cir. 2003). However, a "prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Id.*

previously presented must be dismissed. To the extent he has any new claims, he is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before he can raise them in this court. 28 U.S.C. § 2244(b)(3)(A). There is no indication that Wells has obtained an order from the Seventh Circuit permitting him to proceed with any new claims. Indeed, Wells does not acknowledge that he previously filed a federal habeas petition, and instead falsely states that he did not previously challenge his conviction in federal court. (*See* DE #1 at 9.) "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Accordingly, the petition must be dismissed.

For these reasons, the petition (DE #1) is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Date: November 2, 2012

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT